UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81215-CIV-MARRA/JOHNSON

TRADE LLC, a Florida Limited Liability
Company,

    Plaintiff,
v.

NEW LIFE CLUB LLC, an Indiana Limited
Liability Company; CASH FLOW FINANCIAL,
LLC, a Michigan Limited Liability Company;
ALAN J. WATSON, individually,

    Defendants.
_____/

## ORDER AND OPINION REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon Plaintiff Trade LLC's ("Plaintiff" or "Trade LLC") Motion to Remand (DE 5).  Defendant New Life Club LLC filed a Notice of Joinder in Trade LLC's Motion to Remand (DE 7).  Defendants Cash Flow Financial, LLC and Alan J. Watson filed a Response in Opposition to the Motion to Remand (DE 15) and Defendant New Life Club LLC filed a Reply Memorandum.  The Court has reviewed the Motion, Notice of Joinder, response, reply, and the record, and is otherwise duly advised in the premises.

    The burden of establishing federal jurisdiction rests with the party seeking removal. Carson v. Dunham, 121 U.S. 421, 425 (1887); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).  The right of removal is strictly construed, as it is considered a federal

infringement on a state's power to adjudicate disputes in its own courts.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).  Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand.  See Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997).

Removal is proper only if all of the defendants consent.  See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008).  The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001).  As the former Fifth Circuit Court of Appeals has stated, the rule of unanimity applies to both diversity jurisdiction and federal-question jurisdiction:

> "Only defendants may remove, either on the ground of a federal question or by reason of diversity of citizenship.... In both cases all of the defendants must join in the petition to remove...."

Sheets v. Shamrock Oil & Gas Corp., 115 F.2d 880, 883 (5th Cir. 1940)[1]; see also In re Bethesda Mem. Hosp., Inc., 123 F.3d 1407, 1410 n. 2 (11th Cir. 1997).  Here, a review of the Notice of Removal reveals that there was not unanimous consent at the time of filing of the notice of removal.  Specifically, only Defendants Cash Flow Financial, LLC and Alan J. Watson joined the notice of removal; Defendant New Life Club, LLC is conspicuously absent.  See DE 1.

Additionally, removal is improper in this case because the removing parties have failed to meet their burden of establishing the citizenship of the parties, thus defeating their claim of diversity jurisdiction.  A party removing a case to federal court based on diversity of citizenship

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

2

bears the burden of establishing the citizenship of the parties. Rolling Greens MHP, 374 F.3d at 1022; Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir.1975). Three of the parties in this case, namely Plaintiff Trade LLC, New Life Club LLC, and Cash Flow Financial, LLC, are limited liability companies. Pursuant to Rolling Greens MHP, 374 F.3d at 1022, a limited liability company is considered a citizen for diversity purposes of each state in which a member is a citizen. "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." Id. Here, the removing parties failed to adequately allege in its notice of removal the citizenships of each of the limited liability companies which are parties to this suit.[2] Because the removing parties failed to do so, they failed to carry their burden of establishing diversity of citizenship. See id.

The Court also rejects the removing parties' argument that only minimal diversity is required to remove a case under the federal interpleader statute. "Removal jurisdiction [] is, in some respects narrower than original jurisdiction." Allstate Life Ins. Co. v. Hanson, 200 F.Supp.2d 1012, 1014 (E.D. Wis. 2002). Removed interpleader actions are still restricted by 28 U.S.C. § 1441(b) which does not permit removal of any action not based on a federal question when at least one defendant is a citizen of the state in which the action is brought. Mid-Century Ins. Co. v. Menking, 327 F.Supp.2d 1049, 1051 n.1 (D. Neb. 2003). "[T]he balance of authority suggests that a party may not remove a case that could have originally been brought in federal

---

[2] In fact, Defendant New Life Club LLC states in its Notice of Joinder that, when counsel for the removing defendants contacted New Life's counsel requesting its consent to remove the case, New Life's counsel advised that it could not consent because several New Life members were Florida citizens, defeating diversity. See DE 7 at ¶ 3.

court under § 1335 where there is not complete diversity." <u>Federal Insurance Company v. Tyco International Ltd.</u>, 422 F.Supp.2d 357, 395 (S.D.N.Y. 2006).

Lastly, the removing parties failed to establish that there is a federal question at issue in this case to confer jurisdiction upon this Court. The removing parties claim that federal question jurisdiction exists pursuant to the federal interpleader statute codified at 28 U.S.C. § 1335. However, nowhere in the Complaint does Plaintiff reference the federal interpleader statute. As the Eleventh Circuit held in <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994):

> While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

(internal citations omitted). Federal question jurisdiction is governed by the "well-pleaded complaint" rule. <u>Hill v. BellSouth Telecommunications, Inc.</u>, 364 F.3d 1308, 1314 (11th Cir. 2004); <u>Spear ex rel. Spear v. Publix super Markets, Inc.</u>, 2008 WL 5276441, *1 (S.D. Fla. 2008), <u>citing</u> Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

> The well-pleaded complaint rule "makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law." Unless a "substantial" federal question is presented on the face of the complaint, the case does not arise under federal law. However, under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Even when the causes of actions pled are state law, the case might still arise under federal law if the right to relief under state law requires "resolution of a substantial question of federal law in dispute."

<u>Id.</u> (citations omitted). Here, the removing parties are not permitted to create federal causes of action where none are alleged in the Complaint based on their theory that Plaintiff <u>could</u> have

4

brought a federal interpleader claim.  The removing parties have also failed to meet their burden to establish federal question jurisdiction.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (DE 5) is **GRANTED**;

2. This case shall be **REMANDED** to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

4. All pending motions are hereby **DENIED**, without prejudice, as moot

5. This case is **CLOSED**; and

6. This Court reserves jurisdiction for the limited purpose of deciding whether to award reasonable attorneys fees and costs incurred as a result of the improvident removal. Montgomery & Larmoyeux v. Philip Morris, Inc., 19 F. Supp.2d 1334 (S.D. Fla. 1998). Within ten (10) days of the date of this Order, Defendants Cash Flow Financial, LLC and Alan J. Watson shall submit a brief explaining why the Court should not grant Trade LLC and New Life Club LLC's requests for reasonable costs and fees incurred in responding to the Notice of Removal. See DE's 6, 7.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of November, 2009.

							_____
							KENNETH A. MARRA
							United States District Judge

copies to:
All counsel of record

Case 9:09-cv-81215-KAM   Document 23   Entered on FLSD Docket 11/18/2009   Page 6 of 6

copies to:
All counsel of record

6

copies to:
All counsel of record